UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTURO ROJAS HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>FRONTLINE ASSET STRATEGIES, LLC,<br><br>    Defendant. | Case No. 1:21-cv-00065 |

### COMPLAINT

**NOW COMES** Plaintiff, ARTURO ROJAS HERNANDEZ, through undersigned counsel, complaining of Defendant, FRONTLINE ASSET STRATEGIES, LLC, as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. ARTURO ROJAS HERNANDEZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 172 Lakeside Drive, Unit 1928, Saint Charles, Illinois 60174.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. FRONTLINE ASSET STRATEGIES, LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of Minnesota.

7. Defendant has its principal place of business at 2700 Snelling Avenue North, Suite 250, Roseville, Minnesota 55113.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. In January of 2016, Plaintiff applied for The RoomPlace Credit Card.

11. Upon approval, Comenity Bank issued Plaintiff a credit card bearing an account number ending in 5937.

12. Plaintiff activated this card and began using his card for personal and household purchases.

13. Plaintiff made no less than $4,749.09 in charges to this card.

14. However, Plaintiff's financial situation changed, Plaintiff defaulted on payments, and Plaintiff's $4,749.09 balance was charged-off.

---

[1] Frontline Asset Strategies is a tech-enabled, nationally licensed and bonded full-service collection agency specializing in Accounts Receivables Management (ARM) solutions. We assist clients with maximizing the recovery of delinquent and nonperforming accounts while delivering unparalleled positive consumer interactions that exceed expectations.

We are headquartered in the Twin Cities of St. Paul and Minneapolis, MN and have been providing high-quality, tech-centric, compliant collection services since 2008.

https://frontlineas.com/about/ (last accessed January 5, 2021).

15. On December 31, 2019, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.[2]

16. The schedules filed by Plaintiff included Comenity Bank/Harlem Furniture on Schedule F – Creditors Holding Secured Claims.

17. On January 4, 2020, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent notice of Plaintiff's Chapter 7 bankruptcy case by Electronic Data Interchange (EDI)[3] to Comenity Bank/Harlem Furniture, Attn: Bankruptcy, Po Box 182125, Columbus, OH 43218-2125 on January 3, 2020 at 07:03:00.

18. LVNV Funding LLC purchased Plaintiff's account, and Plaintiff's $4,749.09 balance was referred for collection.

19. On March 30, 2020, a discharge under 11 U.S.C. § 727 was granted to Plaintiff.

20. On April 1, 2020, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent notice of Plaintiff's Chapter 7 bankruptcy discharge

---

[2] Ch-7 JSB 19-36575 Arturo Rojas

[3] Upon execution of an agreement, the BNC transmits bankruptcy notices to high-volume notice recipients in the EDI format. EDI is an electronic file format that supports the automated transmission and extraction of case data from notice files. Through the Electronic Bankruptcy Noticing (EBN) Program, entities can receive notices via EDI, pursuant to the American National Standards Institute (ANSI) X12 175 Court Notice Transaction Set. The BNC will transmit only the variable information in the notice (e.g., form identification codes, debtor names, 341 meeting locations), in lieu of the entire notice text. The BNC can send the following types of notices via EDI: notice of meeting of creditors (341 notice), discharge notice, dismissal notice, and notice of assets generated by the courts' case management system (CM/ECF). The remaining court-generated notices and orders would be sent via email. EDI subscribers receive notices days faster than by U.S. mail. Additionally, EDI subscribers are able to reduce their bankruptcy notice processing expenses by replacing manual data entry processes with automated procedures. Fed. R. Bankr. P. 9036, which authorizes electronic noticing, requires the recipient to make a written request for electronic noticing. The EBN agreement satisfies the rule requirements, and it describes the EDI noticing process. The BNC software compares the entity's name and address included in the court's record with any names and addresses provided in the EBN agreement. If there is a match, the notice will be sent electronically. If there is no match, the BNC will send the notice via U.S. mail. Thus, in order to maximize the effectiveness of EBN, it is important for an entity to enter its name and address exactly as it appears on bankruptcy court notices, along with any name and address variations that appear on bankruptcy court notices.

by Electronic Data Interchange (EDI) to Comenity Bank/Harlem Furniture, Attn: Bankruptcy, Po Box 182125, Columbus, OH 43218-2125 on March 31, 2020 at 06:58:00.

21.    Defendant mailed Plaintiff a letter, dated July 29, 2020 (the "Letter"), which stated:

| Account # | Current Creditor | Original Creditor | Merchant | Original Creditor # |
|---|---|---|---|---|
| 108876239 | LVNV Funding LLC | Comenity Bank | The Roomplace | Xxxxxxxxxxxx5937 |
|  |  |  |  | **Total Due** |
|  |  |  |  | $4,749.09 |

Date: 07/29/2020

Dear Arturo Rojas:

Your account has been placed with our office for collection. You owe $4749.09.

We are here to help. You may pay online at www.payfrontline.com, use Live Chat from our website www.frontlineas.com or call us at 877-258-1590.

Sincerely,
Troy Tratar
877-258-1590
Frontline Asset Strategies, LLC

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing, within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

22.    The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## DAMAGES

23.    Courts have long recognized that bankruptcy is intended to "relief the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *In re Renshaw*, 222 F.3d 82, 86 (2d Cir. 2000) (quoting *Williams v. U.S. Fidelity & Guar. Co.*, 236 U.S. 549, 554-555, 59 L. Ed. 713, 35 S. Ct. 289 (1915)).

24.    Indeed, the United States Supreme Court has described the protection which a debtor derives from the entry of a discharge order as one of the "[c]ritical features of every bankruptcy proceeding…." *Cent. Virginia Cmty. Coll v. Katz*, 546 U.S. 356, 363-64, 126 S. Ct. 990, 163 L. Ed. 2d 945 (2006).

25. Thus, "when a discharge injunction is violated, a debtor is denied one of the primary benefits offered by the present bankruptcy system." *Mooney v. Green Tree Servicing, LLC*, 340 B.R. 351, 358 (Bankr. E.D. Tex. 2006).

26. Defendant's unlawful collection practices deprived Plaintiff of one of his fundamental protections and led Plaintiff to believe his bankruptcy was for naught, causing anxiety and emotional distress.

27. The harm to Plaintiff is obvious – denying Plaintiff the ability for new beginnings—without feeling harassed

28. Concerned with having had his rights violated, Plaintiff engaged counsel—expending time and incurring attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

30. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

    (2) The false representation of–

        (A) the character, amount, or legal status of any debt.

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

31.  Defendant's July 29, 2020 Letter to Plaintiff asserted that Plaintiff's $4,749.09 balance was due and demanded that Plaintiff pay the debt.

32.  But at the time of Defendant's July 29, 2020 Letter to Plaintiff, Plaintiff's $4,749.09 balance was not due because that debt had been discharged in Plaintiff's Chapter 7 bankruptcy.

33.  It seems clear, then, that Defendant's July 29, 2020 Letter to Plaintiff misrepresented the legal status of Plaintiff's debt in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10).  *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not."

**Violation of 15 U.S.C. § 1692f**

34.  Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

>   (1)  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

35.  Section 524(a)(2) provides in relevant part that the bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, … or an act, to collect, recover, or offset any such debt as a personal liability of the debtor…" 11 U.S.C. § 524(a)(2).

36.  Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect Plaintiff's $4,749.09 balance—collection of which is prohibited by 11 U.S.C. § 524(a)(2).

37.  Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides

"any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

    A.    find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1);

    B.    award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

    C.    award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    D.    award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

    E.    award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: January 5, 2021                    Respectfully submitted,

**ARTURO ROJAS HERNANDEZ**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com